IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JOHNNY D. MOORE, JR., | * |
| Plaintiff | * |
| vs. | * |
| | CASE NO. 7:05-CV-86 (CDL) |
| CARGILL MEAT LOGISTICS SOLUTIONS, INC. f/k/a WISPAK TRANSPORT, INC., and JAMES B. SEXTON, | * |
| | * |
| Defendants. | * |

O R D E R

Plaintiffs have filed a Motion for Judicial Notice (Doc. 64). For the following reasons, Plaintiffs' motion is granted in part and denied in part.

Pursuant to Fed. R. Evid. 201, Plaintiffs move the Court to take judicial notice of the following evidence: 1) mortality table; 2) selected federal regulations from the Code of Federal Regulations; 3) selected regulatory guidance for the Federal Motor Carrier Safety Regulations; 4) commercial driver's license manuals from the states of Florida, Wisconsin, and Georgia; and 5) selected reports published in the Federal Register.

Rule 201 authorizes judicial notice of adjudicative facts that are not subject to reasonable dispute. Fed. R. Evid. 201. Whether a fact is subject to reasonable dispute is determined by whether it is "generally known within the territorial jurisdiction of the trial court" or whether it is "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." *Id.*

The Court finds that the mortality table that Plaintiffs seek to have the Court take judicial notice of satisfies the requirements of Rule 201. Accordingly, the Court takes judicial notice of the mortality table.

Regarding the federal regulations and the commercial driver's license manuals, the Court finds that it is premature to make a determination as to these materials. Before the Court can take judicial notice of these materials, Plaintiffs must establish their relevance to these proceedings. The Court finds that the issue of their relevance can best be resolved at the time of trial or at the time that they are otherwise relied upon in these proceedings when the Court can better understand their probative value in the context of the other evidence presented at trial or in the context of a pending motion. Consequently, the Court denies Plaintiffs' motion as to these materials.

Regarding the "regulatory guidance" for the federal regulations and the other "reports published in the Federal Register," the Court finds that these documents are not adjudicative facts subject to judicial notice. Accordingly, Plaintiffs' motion is denied as to these materials.

In summary, the Court takes judicial notice of the mortality table and grants Plaintiffs' motion to that extent. The Court denies Plaintiff's motion regarding the other materials.[1]

---

[1] The Court's ruling should not be interpreted to mean that these materials may not be admissible at trial or may not be considered in deciding future motions. The Court simply holds today that judicial notice of them as of this time is not appropriate under Rule 201.

IT IS SO ORDERED, this 7th day of February, 2007.

                                                         S/Clay D. Land
                                                             CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE